IT IS ORDERED

Date Entered on Docket: May 30, 2019

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

ANGELEEN VERONICA SAIZ

    Debtor.                                         Case No. 13-17-13063-JA

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

      This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Nationstar Mortgage LLC D/B/A Mr. Cooper, filed on November 14, 2018, (DOC 59) (the "Motion") by Nationstar Mortgage LLC D/B/A Mr. Cooper ("Nationstar"), and the Debtor's Response to Motion for Relief (the "Objection") filed on November 30, 2018 (DOC 64). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

      a.     On November 14, 2018, Nationstar served the Motion and a notice of the Motion (the "Notice") on Ronald E Holmes, Attorney for Debtor and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the

Debtor, Angeleen Veronica Saiz, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

  b. The Motion relates to the property located at 10836 Fort Point Lane NE Albuquerque, New Mexico 87123, more fully described as:

> Lot numbered One Hundred Thirty-three (133) of THE PRESIDIO, UNIT 2A being a Replay of Tracts D and J-2a of The Presidio, Unit 1, and Tracts E-1, H-1 and R-1 of the Presidio, Unit 2, City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the Play thereof, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on August 11, 2010, in Book 20100, Page 99, as Document No. 2010081179.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

  c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

  d. The Notice was sufficient in form and content;

  e. The objection deadline expired on December 10 2018;

  f. On November 30, 2018 the Debtor filed an Objection to the Motion;

  g. As of May 10, 2019 no other party in interest, filed an objection to the Motion;

  h. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Nationstar's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on Nationstar's Note (the "Note") and Deed of Trust for January 1, 2019 through May 1, 2019, being five (5) payments of $1,277.10 minus a suspense of ($1,160.79), **for a total post-petition payment arrearage amount through May 10, 2019 of $5,224.71.**

2. The first payment of $870.81 is due by June 15, 2019, the second payment of $870.78 is due by July 15, 2019, the third payment of $870.78 is due by August 15, 2019, the fourth payment of $870.78 is due by September 15, 2019, the fifth payment of $870.78 is due by October 15, 2019, and the final payment of $870.78 is due by November 15, 2019. **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $5,224.71 by November 15, 2019**. These payments shall include the loan number and will be made in certified funds and will be delivered to:

> Nationstar Mortgage LLC d/b/a Mr. Cooper
> PO Box 619094
> Dallas, TX 75261-9741

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $1,277.10 as they come due (unless otherwise notified by Nationstar), commencing with the June 1, 2019 payment and continuing thereafter.

3. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic

stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Nationstar may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Nationstar may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Nationstar pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Nationstar for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Nationstar's Note and Mortgage. Said property is located at 10836 Fort Point Lane NE, Albuquerque, New Mexico 87123 (the "Property"), more fully and completely described as:

> Lot numbered One Hundred Thirty-three (133) of THE PRESIDIO, UNIT 2A being a Replay of Tracts D and J-2a of The Presidio, Unit 1, and Tracts E-1, H-1 and R-1 of the Presidio, Unit 2, City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the Play thereof, filed in the Office of the

County Clerk of Bernalillo County, New Mexico, on August 11, 2010, in Book 20100, Page 99, as Document No. 2010081179.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Nationstar may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Nationstar pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to Nationstar after sale of the Property shall be set forth in an Amended Proof of Claim filed by Nationstar and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Nationstar may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By: <u>*/s/Andrew P. Yarrington*</u>
    Andrew Yarrington
    Attorneys for Nationstar
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Andrew.Yarrington@roselbrand.com


APPROVED BY:

DAVIS MILES MCGUIRE GARDNER, PLLC

By: <u>Approved via email on May 17, 2019</u>
    Ronald E Holmes
    Attorney for Debtor
    320 Gold Avenue SW, Suite 1111
    Albuquerque, NM 87102
    Telephone: 505-268-3999
    rholmes@davismiles.com


By: <u>Approved via email on May 23, 2019</u>
    Tiffany M. Cornejo,
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

COPY TO:

Angeleen Veronica Saiz,
Debtor
10836 Fort Point Lane NE
Albuquerque, NM 87123

7952-1320-FFBB 6806917.doc mdb     6

Case 17-13063-j13    Doc 72    Filed 05/30/19    Entered 05/30/19 10:58:03 Page 6 of 6